# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-21-1 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DEMARCO JONES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Demarco Jones ("Jones") for placement in a halfway house or home confinement. (Doc. No. 193 (Motion), at 2.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 194 (Response).) For the reasons that follow, the motion is denied.

On September 22, 2021, the Court sentenced Jones to a custody term of 33 months, following his guilty pleas to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D) and 846; and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (Doc. No. 99 (Judgment); Minutes of Proceedings [non-document], 9/22/2021; Doc. No. 57 (Plea Agreement); Minutes of Proceedings [non-document], 6/2/2021; *see also* Doc. No. 14 (Indictment).) On January 3, 2025, the Court revoked Jones's supervised release and sentenced him to a custody term of 11 months, upon its determination that Jones had violated three terms of his supervision. (Doc. No. 192 (Order); Minutes of Proceedings [non-document], 1/3/2025; Doc.

No. 190 (Superseding Violation Report); Minutes of Proceedings [non-document], 12/6/2024; Doc. No. 186 (R&R).)

In his motion, Jones indicates that he is "reaching out" to the Court because he is the "primary provider for [his] family[.]" (Doc. No. 193, at 1.[1]) He also cites the recent wildfires in California, which he reports have required his family to evacuate their home in Los Angeles, "further compounding [their] challenges." (*Id.*) Based on these circumstances, he requests the Court's assistance "regain[ing his] freedom or [being] considered for placement in a halfway house or home confinement." (*Id.* at 1–2.)

It is unclear from the motion whether Jones is seeking an order compelling the Bureau of Prisons ("BOP") to order his placement in a residential reentry center ("RRC"), halfway house, or home confinement, or whether he is requesting that the Court make a recommendation to the BOP for such placement. To the extent Jones is seeking a motion compelling his placement in a halfway house or RRC, the Court is without the authority to grant such relief. The BOP, pursuant to 18 U.S.C. §3624(c)(1) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (Apr. 9, 2008), may place an inmate in an RRC for no longer than twelve months at the end of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009). While a court may make a non-binding recommendation for such placement, the BOP has exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

facility or program. *See* § 3582(a). But the decisionmaking [sic] authority rests with the BOP." (emphasis in original)).

This Court also lacks the authority to modify his sentence to a term of home confinement. The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." (quotation marks and citation omitted)). While the Court sympathizes with Jones and his family on their apparent displacement from their Los Angeles home due to the recent wildfires, this fact does not satisfy any statutory basis for reducing or modifying Jones's sentence.[2]

---

[2] The Court does not understand Jones to be seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A) and, in any event, the Court finds that the present motion does not establish the existence of extraordinary and compelling reasons necessary to make him eligible for consideration of such relief. Under the policy statement applicable to compassionate release motions—U.S.S.G. § 1B1.13—"Family Circumstances of the Defendant" may qualify as extraordinary and compelling reasons. § 1B1.13(b)(3). To qualify under this category, however, a defendant must establish either (1) the death or incapacitation of the caregiver of defendant's minor child; (2) the incapacitation of defendant's spouse where the defendant is the only available caregiver; (3) the incapacitation of a defendant's parent where the defendant is the only available caregiver; or (4) the incapacitation of someone whose relationship to the defendant is similar in kind to that of a minor child, parent, or spouse where the defendant would be the only available caregiver. § 1B1.13(b)(3)(A)–(D). Neither defendant's self-proclaimed status as the "primary provider" for his extended family, nor the fact that wildfires have purportedly required his family to evacuate their home, satisfies § 1B1.13(b)(3). Further, even if Jones had cleared this initial hurdle—after having first exhausted his administrative remedies (of which there is no evidence in the record that he did)—consideration of the sentencing factors in 18 U.S.C. § 3553(a) would not support release or a sentence reduction. *See United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (a defendant seeking a compassionate release must establish the existence of extraordinary and compelling reasons, that the reduction is consistent with the applicable policy statement, and that the relevant § 3553(a) factors support the reduction (citations omitted)). Jones has an adult criminal history that dates back to 2014, when he was 18 years old, and includes trafficking, drugs, and weapons offenses. (Doc. No. 98 (Presentence Investigation Report), at 8–11 ¶¶ 34–46.) Prior sentences have failed to impress upon Jones the need to conform his behavior and avoid drugs and weapons. Additionally, Jones's most recent supervised release violations (which are the basis for the present custody term) only serve to fortify the Court's belief that defendant would not abide by any release terms or conditions.

To the extent Jones is seeking a recommendation that he be placed in a halfway house or an RRC, the Court declines to make such a recommendation. Jones presents no evidence of behavior during his brief incarceration on his supervised release violations that demonstrates any attempt at rehabilitation. When courts make recommendations to the BOP for halfway house or RRC placement, they usually do so based on records of an inmate's good behavior and efforts at self-improvement while in prison. *See, e.g. United States v. Ahmed*, No. 1:07-cr-647, 2017 WL 5166427, at *2 (N.D. Ohio Nov. 8, 2017) (granting motion for judicial recommendation for RRC placement based on defendant's extensive record of classes taken while incarcerated and accumulation of nearly two years of good-time credit). Because the BOP is in the best position to determine if an inmate is suitable for placement in a halfway house or an RRC, and the Court does not have sufficient information in this instance to make a well-informed recommendation, the Court declines to make a recommendation regarding the advisability of placement in a halfway house or home confinement. *See United States v. Franklin*, No. 15-20283, 2019 WL 4942033, at *1 (E.D. Mich. Oct. 8, 2019) (deferring to BOP regarding placement in RRC or home confinement (citations omitted)).[3]

---

Ultimately, the Court would conclude that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, and protect the public from further crimes of the defendant.

[3] Given his recent supervised release violations, the Court questions whether Jones would be a suitable candidate for immediate placement in a halfway house or RRC. For similar reasons, home confinement does not appear to be a viable option.

For the foregoing reasons, Jones's motion (Doc. No. 193) is denied.

**IT IS SO ORDERED**.

Dated: March 7, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

5